NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MICHAEL DARREN DARBY,

    Plaintiff,

v.

NEW JERSEY DEPARTMENT OF
CORRECTIONS, *et al.*,

    Defendants.

Civil Action No. 20-1360 (MAS) (TJB)

**OPINION**

**SHIPP, District Judge**

    This matter comes before the Court on Plaintiff Michael Darren Darby's amended complaint. (ECF No. 14.) As Plaintiff was previously granted *in forma pauperis* status, this Court is required by 28 U.S.C. § 1915(e)(2)(B) to screen the amended complaint and dismiss the complaint if it is frivolous, malicious, or fails to state a plausible claim for relief. For the following reasons, the Court dismisses Plaintiff's amended complaint in its entirety for failure to state a claim.

**I.  BACKGROUND**

    Plaintiff is a state prisoner confined in New Jersey State Prison. In his complaint, Plaintiff alleges that, in February 2018, he submitted a mail order for two pornographic magazines, one of which was seized and returned to sender as contraband by prison staff. (ECF No. 14 at 22-23.) Plaintiff was provided notice of the seizing and returning of the magazine and was informed that it was returned because the magazine in question was banned from the prison and was considered contraband. (*Id.* at 23.) In July 2018, Plaintiff ordered by mail a number of pornographic

photographs. (*Id.* at 25.) These, too, were returned to sender, with Plaintiff receiving notice of their seizure as contraband as the facility did not allow prisoners to receive photographs depicting sex acts. (*Id.*) Plaintiff filed numerous grievances regarding these seizures and appealed those grievances up to and including the state courts, which remanded them to prison officials for further consideration. (*Id.* at 17-19, 23-25.)

Plaintiff seeks to sue a number of prison officials, asserting due process violations, censorship, and related claims. In his amended complaint, however, Plaintiff does not clearly specify how each of the named Defendants was involved in the alleged violations of his rights. Instead, for each Defendant, Plaintiff provides an identical copy of the following blanket allegations [verbatim, including errors]:

> This DEFENDANT so-named by implication in either the prison email blasts which the department refuses to provide paper copies of to the inmate population, or, prior grievance procedure. However on behalf of "the department" improperly usurped expressly reserved respective "administrator" discretionary determination under "the Code" in a clearly broad, abusive and/or retaliatory way and in assuming the role of prison censor ultimately knowingly improperly withdrawn and/or deprived fundamental constitutional privileges, government created liberty interests and/or rights consistent with basic due process protections. At the same time inducing others to provide false or misleading information and otherwise violate the DEPARTMENTS own rules as well, absent legitimate penological interest and absent any new, exigent or however overriding security concern enforcing the arbitrary censorship against the 1st Amendment.
>
>     Inasmuch as the direction of the DEPARTMENTS so-called periodicals review committee, pre-paid source-of-sale materials addressed to PLAINTIFF at NJSP-Main-Trenton facility and received via U.S. mail by S.C.O. GREGORY KELLY and/or S.C.O. A. YOUNG. Beginning in March of 2018 were withheld without notification and deprived, at times improperly re-routed to Central Office, where purportedly "reviewed" and however improperly disposed of in unspecified and unauthorized ways against the 14th Amendment.

(ECF No. 14 at 5-16.)

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the

3

line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III. DISCUSSION

In his amended complaint, plaintiff raises the following claims: (1) prison staff improperly censored his incoming mail by denying him access to the pornographic materials he ordered; (2) Defendants seized and disposed of his property in the form of the ordered materials; (3) he was denied due process as to the seizure of his property; (4) prison staff made misleading reports related to the seizures; and (5) Defendants denied him satisfactory responses to his grievances. The Court will address each in turn.

Turning first to the allegedly insufficient responses to Plaintiff's grievances, prisoners have no right to a prison grievance system, nor a constitutional right to a response in the event that a prison creates such a system. *See, e.g., Roberts v. Aviles*, No. 10-5916, 2012 WL 603790, at *1 n.4 (D.N.J. Feb. 16, 2012); *Wilson v. Horn*, 971 F. Supp. 943, 947 (E.D. Pa. 1997), *aff'd*, 142 F.3d 430 (3d Cir. 1998); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (citations omitted) ("the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state"). As such, that Plaintiff was not satisfied with the responses to his grievances is insufficient to state a claim upon which relief can be granted, and Plaintiff's grievance related claims are dismissed.

Plaintiff's due process claims fare no better. "Where a state actor deprives an individual of property without authorization, either intentionally or negligently, that deprivation does not result in a violation of the Fourteenth Amendment so long as a meaningful post deprivation remedy for the loss is available." *Love v. N.J. Dep't of Corr.*, No. 14-5629, 2015 WL 2226015, at *5

(D.N.J. May 12, 2015) (citations omitted). As the New Jersey Tort Claims Act amounts to a sufficient post-deprivation remedy, a prisoner in New Jersey may not pursue a civil rights claim based on the improper taking of his property as due process is available to him through a Tort Claims Act claim in state court. *Id.*; *see also Pressley v. Huber*, 562 F. App'x 67, 70 (3d Cir. 2014).

Where a deprivation of property instead results from established state procedures and policies, the situation is more complicated. *See, e.g.*, *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435-36 (1982). While *Logan* provides that a state must in some cases provide pre-deprivation process before seizing a prisoner's property to comport with due process requirements, this rule is not universal. *See Reynolds v. Wagner*, 936 F. Supp. 1216, 1228 (E.D. Pa. 1996) ("Admittedly, there is no pre-deprivation remedy. Such a remedy, however, is not always necessary every time a loss occurs stemming from an established governmental policy."), *aff'd*, 128 F.3d 166 (3d Cir. 1997); *Dantzler v. Beard*, No. 09-275, 2010 WL 1008294, at *8-9 (W.D. Pa. Mar. 15, 2010); *Williams v. Healy*, No. 08-2389, 2012 WL 2594348, at *16 (D.N.J. July 5, 2012) (citing *Dantzler* with approval). Even where a prisoner's property is seized pursuant to a formal state policy, the provision of only post-deprivation process will comport with due process where a pre-deprivation process would be impracticable, such as in cases involving the seizure of alleged contraband. *Dantzler*, 2010 WL 1008294, at *9; *see also Monroe v. Beard*, 536 F.3d 198, 209-10 (3d Cir. 2008) (requiring only a post-deprivation remedy for property claims related to the seizure of alleged contraband pursuant to formal state policy); *Barr v. Knauer*, 321 F. App'x 101, 103 (3d Cir. 2009) (finding no due process violation where prisoner was provided only post-deprivation process for confiscation of electric razor pursuant to prison policy). Plaintiff contends that his purchases were seized as contraband. Given that pre-deprivation process is not practical or required in cases involving the seizure of contraband, and because Plaintiff had valid post-deprivation remedies

available to him, he fails to state a plausible claim for relief for the deprivation of his property. Plaintiff's seized property claims are therefore all dismissed without prejudice.

In addition to his deprivation of property due process claims, Plaintiff also seeks to raise a claim that his due process rights were violated in relation to his liberty interest in receiving the materials in question through the mail. While "the decision to censor or withhold delivery of [mail] must be accompanied by minimum procedural safeguards," those safeguards include no more than a notification of the rejection of the mail in question and an opportunity to protest that decision after the fact. *Procunier v. Martinez*, 416 U.S. 396, 417 (1974), overruled on other grounds by *Thornburgh v. Abbott*, 490 U.S. 401 (1989); *see also Vogt v. Wetzel*, 8 F.4th 182, 186 (3d Cir. 2021). Here, Plaintiff alleges he was provided notice of the seizure as contraband and had adequate opportunity to protest through his multiple grievances and appeals. Because Plaintiff received the process that was due, he fails to state a claim upon which relief may be granted. The Court, consequently, dismisses Plaintiff's due process claims.

Plaintiff's allegations that prison staff misrepresented the record during his attempts to obtain due process likewise fail to raise a plausible claim. Those allegations merely assert that Plaintiff believes the items he purchased were "processed" to the extent that the packages were opened to determine that they contained pornographic material before being shipped back to the sender, and that statements from prison staff that the packages were not "processed" were thus false. This dispute over the technical meaning of "processed," however, fails to set forth a constitutional violation. Plaintiff merely disagrees over what the term in question means. Plaintiff had an opportunity to raise this objection in his grievances, appeals, and related proceedings, and has not alleged facts showing he did not receive an opportunity to be heard, and has thus failed to plead a due process claim notwithstanding his disagreement over what was meant by "processed" in relation to his mail orders.

6

In his final and chief claim, Plaintiff argues that his mail was improperly censored. It is possible that a claim based on the alleged censorship of incoming mail to the extent it contains pornographic material that is not "obscene" within the meaning of longstanding Supreme Court caselaw could be pled in such a way to raise a plausible claim for relief. *See, e.g., Reno v. Am. Civ. Liberties Union*, 521 U.S. 844, 874-75 (1997); *Ramirez v. Pugh*, 379 F.3d 122, 129 n.2 (3d Cir. 2004). Plaintiff, however, fails to plead such a claim as he fails to connect the individual named Defendants to the alleged censorship in a fashion sufficient to put them on notice of what each is alleged to have done. As a result, Plaintiff has failed to plead each Defendant's personal involvement in the alleged wrongs as is required to state a claim for relief for a federal civil rights claim. Instead, Plaintiff has once again improperly engaged in "group pleading." As former Chief Judge Wolfson previously explained to Plaintiff,

> This type of pleading against "Defendants" leaves Defendants and the Court unable to discern which allegations apply to any of them individually and is prohibited. *See Galicki v. New Jersey*, No. 14-169, 2015 WL 3970297, at *2 (D.N.J. June 29, 2015) (citing *Aruanno v. Main*, 467 F. App'x 134, 137–38 (3d Cir. 2012) (dismissal of § 1983 action was appropriate where Defendants were collectively sued as "[government] personnel" and failed to allege the personal involvement of the individual Defendants)). A plaintiff must allege facts that "establish each individual [d]efendant's liability for the misconduct alleged." *Id.* When a number of defendants are named in a complaint, [a] plaintiff cannot refer to all defendants "who occupied different positions and presumably had distinct roles in the alleged misconduct" without specifying "which defendants engaged in what wrongful conduct." *Falat v. County of Hunterdon*, 2013 WL 1163751, at *3 (D.N.J. Mar. 19, 2013) (emphasis in original). Without knowing the wrongful conduct they are alleged to have engaged in, the individuals Defendants have not been given fair notice of the allegations against them. *See Twombly*, 550 U.S. at 555 (stating that Rule 8(a)(2) requires a complaint to "give the defendant fair notice of what the claim is and the grounds upon which it rests") (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).
>
> Moreover, under § 1983, "[a]n individual government defendant . . . must have personal involvement in the alleged

> wrongdoing; liability cannot be predicated solely on the operation of respondeat superior." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (original alterations omitted).[] As explained by the Third Circuit: "personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Here, Plaintiff must provide facts explaining <u>how each individual Defendant was involved</u> in confiscating and/or censoring the material at issue.

(ECF No. 13 at 8-9). As Plaintiff has once again improperly engaged in the same group pleading tactic – using a single, unclear block allegation which he repeats as to each Defendant without specifying how each was personally involved in the alleged wrong, Plaintiff has failed to properly plead a plausible claim for relief as to his censorship claim. Plaintiff's censorship claim is therefore dismissed without prejudice as to each named Defendant. Because the Court dismisses all of Plaintiff's claims, it dismisses Plaintiff's amended complaint without prejudice in its entirety.

## IV. CONCLUSION

For the reasons expressed above, Plaintiff's amended complaint (ECF No. 14) is **DISMISSED WITHOUT PREJUDICE** in its entirety for failure to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint within thirty days. An order consistent with this Opinion will be entered.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**
